OA 91  Criminal Complaint

# United States District Court

__NORTHERN__ DISTRICT OF __CAILFORNIA__

| UNITED STATES OF AMERICA | FILED | CRIMINAL COMPLAINT |
|---|---|---|
| V. | | |
| ROMMEL BORJAS-ALFARO<br>1078 Capp Street, #31<br>San Francisco, California | AUG X 8 2007<br>RICHARD W. WIEKING<br>CLERK, U.S. DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | Case Number: 3 - 0 7 - 7 0 4 7 0 JCS |

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state that the following is true and correct to the best of my knowledge and belief. On or about __May 28, 2006__ in __San Francisco__ County, in
(Date)
the __Northern__ District of __California__ defendant(s) did,

(Track Statutory Language of Offense)
possess with the intent to distribute or dispense a controlled substance.

in violation of Title __21__ United States Code, Section(s) __841(a)(1)__.

I further state that I am a(n) __Special Agent, ATF__ and that this complaint is based on the
Official Title
following facts:

SEE ATTACHED AFFIDAVIT OF SPECIAL AGENT KENNETH R. KWAK

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

Approved
As To
Form: SCOTT N. SCHOOLS
USA

S/A KENNETH R. KWAK
Name/Signature of Complainant

Sworn to before me and subscribed in my presence,

__AUG - 8 2007__   at   __San Francisco, California__
Date                                              City and State

HONORABLE JOSEPH C. SPERO   U.S. MAGISTRATE JUDGE
Name & Title of Judicial Officer               Signature of Judicial Officer

## **AFFIDAVIT**

I, Kenneth K. Kwak, being duly sworn, depose and state that:

1. I am a Special Agent employed by the Bureau of Alcohol, Tobacco, Firearms and Explosives. I have been a Special Agent for the Bureau of Alcohol, Tobacco, and Firearms since July 2, 2001. I have attended the Criminal Investigators School and the Bureau of Alcohol, Tobacco, Firearms and Explosives National Academy at the Federal Law Enforcement Training Center where I received training in Federal Firearms Violations. Prior to my employment as a Special Agent I was a police officer with the San Francisco Police Department and the San Jose Police Department. I worked in the Bureau of Field Operations for both police departments for approximately 6 years as a patrol officer from 1995 to 2001. On several occasions I worked on special assignment with the San Jose Police Department, Narcotics Covert Investigations Unit and the San Francisco Police Department, Mission Station, Gang Unit. During my tour of duty as a patrol officer and the experience gained from the aforementioned special assignments, I have been involved in numerous firearm investigations involving illegal possession/trafficking of firearms.

2. This affidavit is in support of a criminal complaint charging Rommel BORJAS (hereinafter referred to as "**BORJAS**") with a violation of Title 21, United States Code, Section 841(a)(1), possession with the intent to distribute or dispense a controlled substance. The information contained herein is based on my review of the reports and files in the case, conversations with other law enforcement personnel, and my own personal knowledge.

1

## PRIOR FELONY CONVICTION STATUS

3. On or about July 26, 2007, I obtained and reviewed a copy of the following felony conviction suffered by **BORJAS**:

    (a) On or about October 5, 2000, **BORJAS** was convicted in the Superior Court of San Francisco County for a felony violation of transporting a controlled substance, in Docket Number 00180561.

    (b) On or about August 2, 2004, **BORJAS** was convicted in the Superior Court of San Francisco County for a felony violation of felon in possession of a firearm and selling ammunition to a minor, in Docket Number 00192863.

## POSSESSION OF CRACK COCAINE

1. On May 28, 2006 Sergeant Yu, Inspector Hanley and Officer Molina, San Francisco Police Department, were driving west on 26th Street from South Van Ness Avenue in an unmarked police unit in San Francisco, California. This is an area known to the San Francisco Police Department to be frequented by known Norteño gang members who loiter and engage in violent and narcotic criminal activity.

2. On the above date, Officer Molina observed **BORJAS** standing near the corner of 26th Street and Cypress Alley talking with a Hispanic male, later identified as Alex Avilla. Officer Molina identified **BORJAS** based upon prior police contacts and had knowledge that **BORJAS** was on active felony probation for firearms violations, Docket Number 00192863, with a search condition. Officer Molina observed **BORJAS** and Avilla engaged in a conversation looking at Avilla's hand. Officer Molina was unable to ascertain what **BORJAS** and Avilla were looking at.

3. Sergeant Yu stopped the vehicle. **BORJAS** looked in the direction of Officer Molina and quickly began to walk away from Avilla. Officer Molina exited the vehicle and yelled "Shorty", which is **BORJAS** moniker on the street. **BORJAS** stopped and Officer Molina approached him and questioned him. Officer Molina observed that **BORJAS** appeared to be extremely nervous and evasive.

4. Based on his training experience from hundreds of narcotic arrests, the area in which this observation occurred and **BORJAS'** known criminal history for narcotics and firearms violations, Officer Molina conducted a probation search of **BORJAS**. Officer Molina advised **BORJAS** to place his hands on top of his head. Officer Molina then grabbed **BORJAS'** hands in order to affect a control hold. Officer Molina felt **BORJAS'** hands and muscle tensing. Based upon Officer Molina's experience in this type of situation, Officer Molina believed that **BORJAS** may be attempting to conceal contraband. Officer Molina retrieved a large "chunk" of suspected crack cocaine from **BORJAS'** right front pants pocket. Inspector Hanley assisted Officer Molina in arresting **BORJAS**. **BORJAS** immediately stated "hey Molina, you know, I'm a smoker".

5. **BORJAS** was transported to the San Francisco Police Department Mission Station. Once at the station, Officer Molina read **BORJAS** his Miranda rights. **BORJAS** refused to provide a statement regarding this incident. **BORJAS** was released from Mission Police Station pending further investigation.

6. A narcotics analysis of the suspected crack cocaine obtained from **BORJAS** was conducted by the San Francisco Police Department Crime Laboratory. The aforementioned was identified as cocaine base with a net weight of 27.71 grams.

7. With the above said training and experience in paragraph 1 and personal involvement in over fifty (50) narcotics related investigations, I believe the above said amount of 27.71 grams to be used for sales as opposed to personal use. I have interviewed numerous drug users post arrest and spoken with other law enforcement officers who have conducted narcotics investigations. Units of crack cocaine are normally packaged and sold in a 0.2 gram amount on the street that are normally sold for $20 per unit. The above unit can be used multiple times based on the tolerance of the user and their consumption on a daily basis. The amount of 27.71 grams could be packaged into approximately 135 dosage units based on the above unit amount. From my training, experience, and experience of other law enforcement officers, crack cocaine users normally purchase and use between three (3) to five (5) units a day.

## CONCLUSION

8. Based on the foregoing evidence, there is probable cause to believe that on May 28, 2006, the defendant, Rommel **BORJAS**, possessed with the intent to distribute or dispense a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

I declare under the penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Kenneth K. Kwak
Special Agent

Subscribed and sworn to before me this
_____ Day of August, 2007, at San Francisco, California.

JOSEPH C. SPERO
UNITED STATES MAGISTRATE JUDGE

5